IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AZIZI MWANA )
)
v. ) NO. 3:17-0041
)
AGENTS OF THE DAVIDSON )
COUNTY CHANCERY COURT )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered January 17, 2017 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Azizi Mwana ("Plaintiff") filed this *pro se* action on January 11, 2017, seeking a writ of mandamus under 28 U.S.C. § 1361 "to compel the agents of the Davidson County Chancery Court to allow him his inalienable and legal right to be heard in person, in a court of law, in the pending cause (trust account #15-1271-II) according to law and equity." *See* Petition for Writ of Mandamus (Docket Entry No. 1). It appears that Plaintiff is, or was, involved in some type of civil lawsuit in the Chancery Court for Davidson County, Tennessee, and that he was unable to personally attend three in-court hearings that occurred in the case. *Id*. at ¶ 7. Although not set out in the Petition, it also appears that Plaintiff's lack of attendance is likely attributable to his incarceration within the Tennessee Department of Correction ("TDOC").[1] In addition to his Petition, Plaintiff has filed an "Affidavit of Truth," the purpose of which is unclear and which is largely legal gibberish. *See* Docket Entry No. 5.

---

[1] Although Plaintiff does not state in his Petition that he is a TDOC inmate, the mailing address he provides is the address for the Northeast Correctional Center in Mountain City, Tennessee, and the mailing envelope for a filing made subsequent to his Petition indicates that it was sent from the Northeast Correctional Center. *See* Docket Entry No. 5.

Plaintiff's Petition warrants summary dismissal for failure to state a viable legal cause of action.² First, 28 U.S.C. § 1361 provides "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Even under any generous reading of the Petition, this Court has no authority under 28 U.S.C. § 1361 to provide the type of remedy against a state judicial court that Plaintiff seeks. *Wallace v. Hayse*, 25 F.3d 1052, 1994 WL 194244 (6th Cir. 1994) ("The district court has no jurisdiction to issue a writ of mandamus [under 28 U.S.C. § 1361] compelling a state court judge to act."); *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970) ("In any event, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.").

Secondly, any fair reading of the Petition suggests that what Plaintiff may also be seeking is for this Court to overturn or review decisions made by the state judge in the proceeding that occurred in the state court. However, this Court is precluded by the *Rooker-Feldman* doctrine from reviewing any challenge brought by Plaintiff to a state court judgments, even if it is framed as a challenge to the sufficiency of due process afforded to him in the state court proceeding. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923; *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008).

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the Petition for a Writ of Mandamus be DENIED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

---

² Although Plaintiff paid the filing fee in this action and is not proceeding *in forma pauperis* under 28 U.S.C. § 1915, his action is subject to initial review under 28 U.S.C. § 1915A.

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge